Filed 2/5/24  In re Juan S. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re JUAN S., a Person Coming Under the Juvenile Court Law. | B316713 |
| | (Los Angeles County Super. Ct. No. 21CCJP03764A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. GILMA D., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Juvenile Court Referee. Dismissed as moot.

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

_____

**INTRODUCTION**

Mother Gilma D. appeals from the juvenile court's jurisdiction findings and disposition order declaring her son, Juan S. (born 2009), to be a dependent of the court pursuant to Welfare and Institutions Code former section 300, subdivision (b)(1),[1] and ordering family reunification services. Mother contends the evidence was insufficient to support the juvenile court's finding that Juan was at substantial risk of harm due to her mental health and emotional issues. While this appeal was pending, the juvenile court terminated its jurisdiction over Juan, releasing him to Mother with no further orders. Because we cannot grant effective relief to Mother, we dismiss her appeal as moot.

_____

[1] All undesignated statutory references are to the Welfare and Institutions Code unless otherwise specified. Section 300 was amended effective January 1, 2023, after the juvenile court issued its 2021 jurisdiction findings in this case. (Stats. 2022, ch. 832, § 1.) The amendments do not impact our analysis.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2021 the Department of Child and Family Services (Department) filed a petition under former section 300, subdivision (b)(1), on behalf of then 11-year-old Juan, alleging: "The child['s] . . . mother . . . has mental and emotional problems, including a diagnosis of PTSD and Depression and has exhibited auditory and visual hallucinations, which render the mother unable to provide regular care of the child. On prior occasions, the mother has failed to take the mother's psychotropic medications as prescribed. Such mental and emotional condition on the part of the mother endangers the child's physical health and safety and places the child at risk of serious physical harm and damage." The petition did not seek to detain Juan from Mother's custody.

The Department reported Mother told Juan and others she had been diagnosed with terminal cancer. To prepare Juan for her imminent death, she had him meet with two potential adoptive families in 2019 for multiple extended visits. She also created a Go Fund Me page in 2020, describing herself as a single mother with cancer and a child with autism. Mother's doctors, however, had informed her in 2018 that her cancer was in remission and she was stable. Further, Juan had not been diagnosed with autism.

When interviewed by the social worker, Mother blamed her recently deceased male companion, whom Juan referred to as "'dad,'" for abusing her and manipulating her into lying about her medical condition for his financial gain. Mother also denied being "mentally present" during her medical visits due to her fear of the male companion. Mother's and Juan's mental health

providers reported Mother gave them similarly inconsistent information and refused to share her medical records for a comprehensive psychological evaluation. Mother also gave conflicting information about what medication she was taking.

On October 26, 2021 the juvenile court sustained the petition as pleaded. The juvenile court noted Mother had received mental health treatment for five years, but her mental health issues continued and "really puts this child at risk." At disposition, the juvenile court declared Juan a dependent of the court, ordered him removed from his father's custody,[2] ordered him released to Mother's custody, and ordered family reunification services for Mother, including counseling and parenting classes as well as an order to take all prescribed psychotropic medication. Mother timely appealed.

On May 30, 2023, during the pendency of this appeal, the juvenile court terminated jurisdiction, noting Juan was doing well in Mother's home and releasing him to Mother.[3] Mother did not appeal from the order terminating jurisdiction.

This court invited the parties to submit letter briefs addressing whether this appeal is moot and whether this court should exercise its discretion to reach the merits. (See *In re D.P.*, (2023) 14 Cal.5th 266, 276.) The Department filed a letter brief

---

[2] Mother advised the court and the Department that Juan's father likely resided in El Salvador but she was unsure of his whereabouts. Juan's father was never located. He is not a party to this appeal.

[3] On our own motion, we take judicial notice of the juvenile court's May 30, 2023 minute order terminating jurisdiction. (See Evid. Code, §§ 452, subds. (c)-(d), 459.)

4

stating its position the appeal should be dismissed as moot. Mother urged us to exercise our discretion to reach the merits of her appeal.

## DISCUSSION

"An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.) "However, dismissal of a dependency appeal for mootness following termination of jurisdiction 'is not automatic, but "must be decided on a case-by-case basis."'" (*Id.* at p. 163.) "A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [the plaintiff] any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." In other words, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status." (*In re D.P., supra,* 14 Cal.5th at pp. 276-277.)

Mother's appeal from the October 26, 2021 jurisdiction finding and disposition order is moot because the juvenile court terminated jurisdiction and released Juan to her custody. Mother argues her appeal is not moot because the juvenile court's findings in this case could prejudice her in future dependency proceedings involving Juan or other potential children. This is not the type of ongoing harm required to overcome mootness, and

5

the Supreme Court rejected this precise argument in *In re D.P., supra,* 14 Cal.5th at pages 277-278 (although, as discussed below, the high court considered this argument in assessing whether discretionary review of a moot appeal is warranted). Mother has failed to identify what effective relief we may offer that "'can have a practical, tangible impact on [her] conduct or legal status.'" (*Ibid.*)

We decline to exercise our discretion to consider the merits of her moot appeal. (*In re D.P.*, *supra,* 14 Cal.5th 266; *In re Nathan E.* (2021) 61 Cal.App.5th 114, 121; *In re C.C.* (2009) 172 Cal.App.4th 1481, 1489.) "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.'" (*In re D.P., supra,* 14 Cal.5th at p. 282.) In *In re D.P.,* our Supreme Court identified additional factors a reviewing court may consider in deciding whether to exercise discretionary review of a moot dependency appeal. First, a court may consider whether the challenged jurisdiction finding could impact current or future dependency proceedings (for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services). (*Id.* at p. 285.) Second, a reviewing court may consider "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may also consider "why the appeal became moot": "[p]rinciples of fairness" may favor

6

discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

In deciding whether to exercise our discretion to decide a moot appeal, no single factor is dispositive and reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" *(In re D.P., supra*, 14 Cal.5th at p. 286; see § 300.2, subd. (a).)

Mother's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the juvenile court's determination. Nor does Mother persuade us that any mootness factors specific to dependency cases or this case exist to support discretionary review in this case. Her assertion of speculative future harm is insufficient to demonstrate her appeal is not moot, and it is also insufficient to warrant discretionary review. She makes no showing or particularized argument regarding how the challenged jurisdiction findings could potentially impact a future dependency proceeding. Even if she were faced with a future dependency petition, Mother will have the opportunity to explain that Juan remained in Mother's custody throughout the proceedings, reflecting the juvenile court's determination that release of Juan to Mother was not detrimental to his safety, or his physical or emotional well-being. Mother does not argue any other *In re D.P.* factors exist to support discretionary review.

## DISPOSITION

The appeal is dismissed as moot.


MARTINEZ, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.